

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Palestine, Texas

Dear Sir:

> Opinion No. O-4045
> Re: Does the term "qualified voter"
> as used in the Texas Liquor Control
> Act mean that a person must be
> qualified to vote even to the extent
> of having paid his poll tax or being
> exempt from paying same, before his
> signature on a petition requesting a
> local option election can be counted
> in computing the number of qualified
> voters who have signed the petition?

Your letter of September 25, 1941, requesting an opinion of this Department on the above stated question, reads as follows:

"I would appreciate your opinion on the following question:

"Article 666-32 of the Texas Liquor Control Act provides in part: '. . . and such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county. . .'

"Does the term 'qualified voter' as used above mean that a person must be qualified to vote, even to the extent of having paid his poll tax or being exempt from paying same, before his signature on a petition requesting a local option election can be counted in computing the number of qualified voters who have signed the petition?

"It is my opinion that this question should be answered in the affirmative; that is, a person must have either paid his poll tax or be exempt from paying same before he can sign a petition calling for a local option election. Akers v. Remington, Civ. App., 115

Honorable Luther C. Johnston, page 2

S. W. (2d) 714; Art. 666-32, Penal Code."

provides:
Article 6066-32, Vernon's Annotated Penal Code,

"The commissioners' court of each county in this
State upon its own motion may order an election to be
held by the qualified voters in said county, to determine
whether or not the sale of liquors shall be prohibited or
legalized in such county, and such court shall order a
local option election whenever petitioned to do so by as
many as ten (10) per cent of the qualified voters of said
county, of any justice precinct, city or town, taking the
votes for governor at the last preceding general election
as the basis for determining the qualified voters in any
such county, or political subdivision. . ."

Article 2954, Vernon's Annotated Civil Statutes,
names the classes of persons who shall not be allowed to vote
in this State.  Article 2955, Vernon's Annotated Civil Statutes,
sets forth the qualifications for voting in this State.

The case of Akers v. Remington, 115 S. W. (2d) 714,
mentioned in your letter, among other things, holds in effect
that under the Liquor Control Act the commissioners' court of
the county could adopt any means it thought proper to ascertain
if the persons signing a petition for local option election
were legal voters of the county and whether or not ten per cent
of the qualified voters of the county had signed it as required
by Article 666-32, supra.  This case further holds that under
the above mentioned article that a petition which was signed
by more than ten per cent of the qualified voters, praying for
the commissioners' court to call a local option election was
sufficient notwithstanding that it failed to show on its face
that the signers were qualified voters or electors of the county,
or constituted ten per cent of the qualified voters in the county.

The word "qualified" is defined in Words and Phrases,
permanent edition, Vol. 35, p. 580, as follows:

"Qualified is synonymous with 'susceptible; capable;
competent; fitting; possessing legal power or capacity."

Honorable Luther C. Johnston, page 3

On page 583 in the above mentioned volume of Words and Phrases, we find the following definition of a qualified elector:

"A qualified elector within the local option law . . . providing for petition for a local option election to be signed by one-third of the qualified electors of the county, as shown by the poll list or returns and canvass of the last general election, is one who meets the requirements of Const., Article 7, Section 1," (Rutledge v. Board of Supra. of Marquette County, 160 Mich. 22)

On page 600 of the above mentioned volume of Words and Phrases we find the following definition of the term "qualified voters":

"Qualified voters within the local option law providing that a local option petition shall be signed by 'qualified voters' who are qualified to vote for members of the legislature, are those persons who have the qualifications specified by the Constitution and by Rev. St., 1899, Sec. 6924, . . . there being no special qualification for persons entitled to vote for members of the legislature." (97 S. W. 269)

Another definition found in Words and Phrases is as follows:

"A qualified voter is defined in Revised Statutes, 1899, . . . to be one who under the general laws of the State would be allowed to vote in any county for State and county officers and who has resided in the district thirty days preceding the school district meeting in which he offers to vote."

"A qualified voter is one who by law is entitled to vote at an election. Where electors are required to register, an elector who fails to so register is not a qualified voter although he possesses other qualifications."

We think that the term "qualified voter" as used in Article 666-32, supra, means those who are qualified to vote, under the Constitution and statutes of this State, and who are qualified to vote in the local option election which is to be called by reason of the said petition. We respectfully answer the above stated question in the affirmative.

Honorable Luther C. Johnston, page 4

        Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 6, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

                Yours very truly

        ATTORNEY GENERAL OF TEXAS

By                         
               Ardell Williams
                  Assistant

AW:AMM



APPROVED
OPINION
COMMITTEE

BY CHAIRMAN